## LUTERMAN v. SPIRO, et ux.

Circuit Court, Dade County, Civil Appeal.

May 15, 1956.

Tobias Simon, Miami, for appellants.

Roberta Luterman, in propria persona, appellee.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal from a judgment rendered in favor of the plaintiff for approximately $175 for wages and certain automobile expenses which she claimed arising out of her employment by de-

fendants in connection with their operation of an apartment house (business) in this county. It appears that the defendants claimed to be non-residents, although they stay here part of the time.

The only question raised on this appeal is the appellants' contention that there was not good or sufficient service and that because of lack of service all of the proceedings in the lower court should be set aside.

The record shows that the first "Statement of Claim" and its attached "Notice" carries a return by the deputy constable showing that he served the summons by serving "Lillian Torbet, 10076 E. Bay Harbor Dr." That was on June 5, 1954. That summons was obviously bad because Lillian Torbet was not a defendant and it does not show service on either of the named defendants, Maurice G. Spiro and Rosa J. Spiro, his wife.

The file then shows a second "Statement of Claim" and "Notice" with return of service by the deputy constable showing that said papers were served "on the defendants' manager, Lillian Tarbert, in apt. A, 10076 E. Bay Harbor Drive." That was on August 31, 1954. That return likewise is bad on its face, as there is no provision for service to be made on the manager of an individual's apartment house business, if they are non-residents.

Section 47.16, as amended, of the Florida Statutes, makes provision for serving non-residents who operate a business locally by serving the Secretary of State in a manner provided for therein.

The appellee appeared before me at the hearing, accompanied by her husband, but without an attorney. They argued or stated that there had been a corrected or amended return filed by the deputy constable correcting the second return and reciting service upon the defendants personally, rather than on their manager. The appellee, Mrs. Luterman, stated to this court that she had seen said document in the file in the lower court but that it appears not to be in the record now. They offered to prove before this court that personal service actually had been made. This court refused to receive such testimony, saying that if the service return in the file is to be amended or if it does not speak the truth, that is something to be inquired into and heard after notice in the lower court, and not an issue for trial in the appellate court.

Accordingly, the judgment of the small claims court is hereby reversed and set aside and the case is remanded to that court for further proceedings to be taken in this cause not inconsistent with the views here expressed.

As a guide to the lower court for the further proceedings in this case, it appears to this court that the lower court should hear evidence which is offered to be submitted on the plaintiff's contention that there was actual personal service and that the return of service should be amended accordingly. If the lower court finds that the plaintiff was correct in her claim that service was made on defendants in this jurisdiction and if the present service return, therefore, does not speak the truth, then the return should be amended and the judgment reinstated without the need for further proceedings in the case. If the lower court finds that there was no such personal service as now claimed by the plaintiff, then the judgment and the service should be set aside, and the cause would be in the status of one just commenced, without prejudice to the plaintiff to proceed to obtain service as provided for under section 47.16 of the Florida Statutes, in the continued absence of the defendants from this state.